UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID C.,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

Case No. 22-11292
Honorable Shalina D. Kumar
Magistrate Judge Elizabeth A. Stafford

---

**REPORT AND RECOMMENDATION ON CROSS-MOTIONS
FOR SUMMARY JUDGMENT [ECF NOS. 11, 14]**

---

Plaintiff David C. appeals the final decision of defendant

Commissioner of Social Security (Commissioner), which denied his

application for supplemental security income (SSI) under the Social

Security Act.  Both parties have filed summary judgment motions, referred

to this Court for a report and recommendation under 28 U.S.C.

§ 636(b)(1)(B).  After review of the record, the Court **RECOMMENDS** that:

- Plaintiff's motion, ECF No. 11, be **DENIED**;

- the Commissioner's motion, ECF No. 14, be **GRANTED**; and

- the Commissioner's decision be **AFFIRMED** under sentence

  four of 42 U.S.C. § 405(g).

## I.    Background

### A. Plaintiff's Background and Disability Applications

Born in November 1968, plaintiff was 50 years old when he applied for SSI in April 2019, and his amended alleged disability onset date is June 29, 2019.[1]  ECF No. 9-2, PageID.49, 59.  He had no past relevant work. *Id.*, PageID.59.  Plaintiff claimed disability from bipolar I disorder, post-traumatic disorder, polysubstance dependence, and antisocial personality disorder.  *Id.*, PageID.50; ECF No. 9-3, PageID.149.

Plaintiff had applied for and was awarded SSI in 2013 due to the severity of one or more affective disorders under Listing 12.04.  ECF No. 9-3, PageID.131-133.  But he was incarcerated in 2016 and 2017, and his re-application for SSI benefits was denied in August 2018.  *Id.*, PageID.135-318; *see* ECF No. 9-7, PageID.491, 525.

For the current application, the ALJ found plaintiff not disabled after a hearing during which plaintiff and a vocational expert (VE) testified.  ECF No. 9-2, PageID.47-61, 69-123.  The Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner.  *Id.*, PageID.35-37.  Plaintiff timely filed for judicial review.  ECF No. 1.

---

[1] Plaintiff's initial alleged disability onset date was November 6, 2018, but he amended it because he was "hit by a car while on his bike" in June 2019.  ECF No. 9-5, PageID.271.

## B. The ALJ's Application of the Disability Framework Analysis

A "disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(A).

The Commissioner determines whether an applicant is disabled by analyzing five sequential steps.  First, if the applicant is "doing substantial gainful activity," he or she will be found not disabled.  20 C.F.R. § 416.920(a)(4).  Second, if the claimant has not had a severe impairment or a combination of such impairments[2] for a continuous period of at least 12 months, no disability will be found.  *Id.*  Third, if the claimant's severe impairments meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, the claimant will be found disabled. *Id.*  If the fourth step is reached, the Commissioner considers its assessment of the claimant's residual functional capacity (RFC) and will find the claimant not disabled if he or she can still do past relevant work. *Id.*  At the final step, the Commissioner reviews the claimant's RFC, age,

---

[2] A severe impairment is one that "significantly limits [the claimant's] physical or mental ability to do basic work activities."  20 C.F.R. § 416.920(c).

3

education, and work experiences, and determines whether the claimant could adjust to other work.  *Id.*  The claimant bears the burden of proof throughout the first four steps, but the burden shifts to the Commissioner if the fifth step is reached.  *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

Applying this framework, the ALJ concluded that plaintiff was not disabled.  At the first step, she found that plaintiff had not engaged in substantial gainful activity since the amended alleged onset date of June 29, 2019.  ECF No. 9-2, PageID.49.  At the second step, she found that plaintiff had the severe impairments of cervical spondylosis, degenerative disc disease of the lumbar spine with myalgia, encephalopathy, unspecified mild cortical atrophy of the brain/amnesia/Alzheimer's disease with early onset, osteoarthritis of the left hip with left hip pain, gout with left ankle pain, and major depressive disorder with a history of opioid dependence. *Id.*, PageID.49-50.  Next, the ALJ concluded that none of plaintiff's impairments, either alone or in combination, met or medically equaled the severity of a listed impairment.  *Id.*, PageID.50-53.

Between the third and fourth steps, the ALJ found that plaintiff had

the RFC to perform light work,[3] except he could occasionally

> crouch, crawl, kneel, stoop/bend, and climb ramps or stairs.
> However, the claimant should avoid workplace hazards such as
> dangerous, moving machinery and unprotected heights so the
> claimant is not able to climb ladders, ropes, or scaffolds. He
> could occasionally operate foot controls with the bilateral lower
> extremities. The claimant could perform simple routine work;
> defined as work that requires only simple decision making and
> no complex decisions, is not at a production-rate pace, and is
> low stress work with less than occasional changes in the work
> routine and setting. Additionally, the claimant could have
> occasional interaction with co-workers and supervisors, but only
> superficial contact with the general public.

*Id.*, PageID.53.  At step four, the ALJ found that plaintiff had no past

relevant work.  *Id.*, PageID.59.  At the final step, after considering plaintiff's

age, education, work experience, RFC, and the testimony of the VE, the

ALJ found that plaintiff could perform jobs that are available in the national

economy, including as an assembler, packager, and visual inspection.  *Id.*,

PageID.60.

---

[3] Light work is defined as "lifting no more than 20 pounds at a time with
frequent lifting or carrying of objects weighing up to 10 pounds….[A] job is
in this category when it requires a good deal of walking or standing…[and]
when it involves sitting most of the time but with some pushing and pulling
of arm-hand or leg-foot controls."  20 C.F.R. § 416.967(b); Social Security
Ruling (SSR) 83-10, 1983 WL 31251 (1983).

## II.    Analysis

Under § 405(g), this Court's review is limited to determining whether

the Commissioner's decision is supported by substantial evidence and was

made in conformity with proper legal standards.  *Gentry v. Comm'r of Soc.*

*Sec.*, 741 F.3d 708, 722 (6th Cir. 2014).

> Under the substantial-evidence standard, a court looks to an
> existing administrative record and asks whether it contains
> sufficient evidence to support the agency's factual
> determinations.  And whatever the meaning of substantial in
> other contexts, the threshold for such evidentiary sufficiency is
> not high.  Substantial evidence, this Court has said, is more
> than a mere scintilla.  It means—and means only—such
> relevant evidence as a reasonable mind might accept as
> adequate to support a conclusion.

*Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (cleaned up).

Plaintiff argues that the ALJ erred by ignoring medical records

predating plaintiff's amended alleged onset date and by discounting the

2018 medical opinion of Hugh Bray, Ph.D., when finding that he did not

meet Listing 12.04.  ECF No. 11, PageID.1254.  The Court disagrees.

Though plaintiff has a well-documented history of mental illness, the ALJ's

decision is supported by substantial evidence, and thus should be affirmed.

*Hatmaker v. Comm'r of Soc. Sec.*, 965 F. Supp. 2d 917, 930 (E.D. Tenn.

2013) ("The Court may not reweigh the evidence and substitute its own

judgment for that of the Commissioner merely because substantial

6

evidence exists in the record to support a different conclusion."); *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) ("If the Secretary's decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently, and even if substantial evidence also supports the opposite conclusion.") (cleaned up).

## A.

At step three, the ALJ found that plaintiff did not have a depressive disorder that met or medically equaled Listing 12.04.  ECF No. 9-2, PageID.51.  Plaintiff challenges that finding.

"Under the theory of presumptive disability, a claimant is eligible for benefits if he or she has an impairment that meets or medically equals a Listed Impairment."  *Vickers v. Comm'r of Soc. Sec.*, 18-12803, 2020 WL 5071999, at *4 (E.D. Mich. Aug. 26, 2020).  "When considering presumptive disability at Step Three, an ALJ must analyze the claimant's impairments in relation to the Listed Impairments and must give a reasoned explanation of his findings and conclusions in order to facilitate meaningful review."  *Id.* (cleaned up).  "An ALJ's failure to sufficiently articulate his Step Three findings is error."  *Id*.  And an error at step three is not harmless, "for the regulations indicate that if a person is found to meet a Listed

Impairment, they are disabled within the meaning of the regulations and are entitled to benefits; no more analysis is necessary." *Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411, 416 (6th Cir. 2011); *see* 20 C.F.R. § 416.920(a)(4)(iii).

But the ALJ's articulation duty at step three is not great. *Bledsoe v. Barnhart*, 165 F. App'x 408, 411 (6th Cir. 2006) ("The ALJ did not err by not spelling out every consideration that went into the step three determination."). And to show that the ALJ committed reversible error, a plaintiff "must point to specific evidence that demonstrates he reasonably could meet or equal every requirement of the listing." *Smith–Johnson v. Comm'r of Soc. Sec.*, 579 F. App'x 426, 432-33 (6th Cir. 2014).

To meet or equal Listing 12.04, a claimant must satisfy the requirements of paragraphs A and B, or paragraphs A and C.[4]  20 C.F.R. Pt. 404, Subpt. P, App. 1, Listing 12.00. Plaintiff's motion focuses on Listings 12.04B and 12.04C. ECF No. 11, PageID.1533-1536. The Court addresses those listings below.

---

[4] The ALJ did not address the paragraph A criteria of Listing 12.04, but she found that plaintiff did not satisfy paragraphs B or C. ECF No. 9-2, PageID.51-53. Thus, the Court will focus on paragraphs B and C.

**1.**

For Listing 12.04B, plaintiff must show that he had one "extreme"

limitation or two "marked" limitations in the following: (1) understanding,

remembering, or applying information, (2) interacting with others, (3)

concentrating, persisting, maintaining pace, or (4) adapting or managing

oneself.  The ALJ explained:

> An extreme limitation is the inability to function independently,
> appropriately, or effectively, and on a sustained basis. A marked
> limitation is a seriously limited ability to function independently,
> appropriately, or effectively, and on a sustained basis.

ECF No. 9-2, PageID.51; *see also* Listing 12.00F (defining the degrees of

limitations).  The ALJ found that plaintiff had moderate limitations in the first

three functional areas and no limitations in the fourth area.  ECF No. 9-2,

PageID.51-52.

First, the ALJ found that plaintiff had moderate limitations in

understanding, remembering, or applying information, and could perform

only simple routine work.  *Id.*, PageID.52.  Despite plaintiff's allegations that

he had "memory issues with difficulty remembering, understanding what is

said to him, following instructions, completing tasks, taking medications

without reminders, and driving," the plaintiff testified that he could go to

doctor's appointments and drive.  *Id.*, PageID.51; ECF No. 9-6,

PageID.297-304, 325-332.  And the ALJ cited 2019 and 2020 medical

9

records showing that plaintiff could respond to medical providers' questions and that doctors mentioned no short or long-term memory issues.  ECF No. 9-2, PageID.52; ECF No. 9-22, PageID.1101-1103; ECF No. 9-23, PageID.1403-1406, 1417-1422; ECF No. 9-24, PageID.1442-1510.

The ALJ also found that plaintiff had moderate limitations in interacting with others.  ECF No. 9-2, PageID.52.  While plaintiff alleged that he had difficulty engaging in social activities, getting along with others, and dealing appropriately with authority, plaintiff also lived with his family and spent time with them and friends.  *Id.*, PageID.52, 96, 98; ECF No. 9-6, PageID.301-303.  And medical evidence from 2019 and 2020 showed that the claimant was pleasant and cooperative, had good interactions with non-medical staff, and appeared comfortable during appointments.  ECF No. 9-2, PageID.52; ECF No. 9-22, PageID.1119, 1123, 1128, 1143, 1148, 1152, 1157, 1159, 1161, 1199, 1203, 1209, 1222; ECF No. 9-23, PageID.1417-1422, 1442; ECF No. 9-24, PageID.1441-1510.

For concentrating, persisting, or maintaining pace, the ALJ found that plaintiff had moderate limitations.  ECF No. 9-2, PageID.52.  While plaintiff complained of issues with concentrating, following instructions, and completing tasks, the ALJ noted that plaintiff also drives and watches TV.  ECF No. 9-6, PageID.297-304, 325-332.  And the ALJ found that the record

10

from the relevant period failed to show distractibility.  ECF No. 9-22, PageID.1101-1103; ECF No. 9-23, PageID.1403-1406, 1417-1422; ECF No. 9-24, PageID.1442-1510.

And for plaintiff's limitations in adapting or managing himself, the ALJ found that he had none because he did not allege any symptoms or limitations related to the criterion.  ECF No. 9-2, PageID.52.  Plaintiff also stated that he could handle self-care and personal hygiene and cooperate with caregivers.  ECF No. 9-22, PageID.1177, 1188, 1236, 1247, 1309, 1320; ECF No. 9-23, PageID.1403-1406, 1417-1422; ECF No. 9-24.

Plaintiff argues that the ALJ erred by discounting medical evidence from before his amended alleged onset date of June 29, 2019, rather than considering the "longitudinal evidence" of his mental impairment.  ECF No. 11, PageID.1529-1530.  He points to specific records from 2013 through early 2019 that he says the ALJ failed to discuss.  *See* ECF No. 9-3, PageID.131-132; ECF No. 9-7, PageID.378-382, 473-519, 536, 538-539, 658-664, 721, 727-728, 734, 756, 799-800, 823-824; ECF No. 9-18, PageID.978-982; ECF No. 9-22, PageID.1291-1292, 1321.  Plaintiff cites a 2017 psychiatric evaluation, during which he reported crying spells, mood changes, problems sleeping, and difficulty in concentrating and focusing. ECF No. 9-7, PageID.536, 538.  The mental examination showed impaired

11

immediate recall and short-term recall, visual hallucinations, and delusions. *Id.*, PageID.539.

An early 2018 record plaintiff cites shows that he had limited insight and was agitated, depressed, and anxious.  ECF No. 9-18, PageID.978-982.  A 2018 evaluation also noted that plaintiff had distractible concentration, limited insight, visual hallucinations, and an anxious and irritable emotional state.  ECF No. 9-22, PageID.1321.  And another evaluation from that year showed that plaintiff had impaired recent and remote memory, distractible concentration, loosely organized thought content, and disorganized emotional and behavioral functioning.  *Id.*, PageID.1291-1292.

Plaintiff also notes his abnormal mental status from examinations in late 2018 and early 2019, during which he was found to have distractible concentration, loosely organized thought processes, unstable emotions, impaired remote and recent memory, and dull awareness.  ECF No. 9-7, PageID.799-800, 823-824.  During psychotherapy sessions in early 2019, plaintiff had fragmented thought content and an anxious or depressed mood.  *Id.*, PageID.727-728, 734, 756.

But the ALJ need not spell out every consideration that went into her decision.  *See Bledsoe*, 165 F. App'x at 411.  And as required, the ALJ *did*

consider plaintiff's longitudinal medical record when evaluating plaintiff's functioning over time.  *See* ECF No. 9-2, PageID.47; Listing 12.00(C)(5)(a) (requiring ALJ's to consider the "longitudinal evidence" of a claimant's mental disorder); *Bowermaster v. Comm'r of Soc. Sec.*, 395 F. Supp. 3d 955, 962 (S.D. Ohio 2019) (noting that ALJ must consider longitudinal evidence of mental impairments, which may fluctuate and have fleeting periods of improvement).  The ALJ said that she "reviewed and considered all of the medical record of evidence, including the records dating back to 2006 through 2018," though she focused her discussion on "the medical evidence on or after the claimant's amended alleged onset date of June 29, 2018."  ECF No. 9-2, PageID.47.  The ALJ then cited mental health progress notes from 2009 through 2018; Community Care Services progress notes from 2012 through 2020; prison treatment records from 2009, 2010, 2016, and 2017; behavioral center progress notes and consultative examination reports from 2013; Macomb County Community Mental Health treatment records from 2017 through 2018; officer treatment records and lab tests from 2018; and a consultative examination report from Dr. Bray in 2018.  *Id.*; *see* ECF No. 9-7, PageID.377-665; ECF No. 9-16, PageID.921-941; ECF No. 9-17, PageID.943-977; ECF No. 9-18, PageID.978-992; ECF No. 9-22, PageID.1101-1398.

The ALJ also considered a disability determination examination (DDE) from before the alleged onset date and Dr. Bray's 2018 psychological consultative examination. ECF No. 9-2, PageID.58; ECF No. 9-3, PageID.135-148; ECF No. 9-7, PageID.663-664. The DDE found that plaintiff had moderate limitations in all four functional areas and was not disabled. ECF No. 9-3, PageID.140. Dr. Bray found that plaintiff was moderately to markedly impaired in the functional areas. ECF No. 9-7, PageID.663-664. *Id.*, PageID.664. The ALJ considered these records but found that they were "neither valuable nor persuasive" because they predated the amended alleged onset date and "evidence at the hearing level shows that claimant has improved since that time." ECF No. 9-2, PageID.58.

The ALJ noted, for example, that plaintiff's May 2019 appointment with Community Care Services (CCS) showed a negative depression screening and an unremarkable mental status examination. *Id.*, PageID.57. Plaintiff had good grooming and hygiene, a pleasant and cooperative attitude, good eye contact, fluent speech, an "ok" mood with a full range affect congruent to mood, thought content without suicidal or homicidal ideations, and intact insight and judgment. ECF No. 9-7,

14

PageID.734.  Plaintiff saw a therapist every two weeks and continued his psychotropic medications.  *Id.*

The ALJ discussed plaintiff's bike accident on his way to a CCS appointment too.  ECF No. 9-2, PageID.57; ECF No. 9-7, PageID.734.  Plaintiff was taken to the hospital for a head contusion, and his mental examination showed impaired memory and cognition.  ECF No. 9-18, PageID.999.  But he denied memory loss to primary care physician Priti Bhardwaj, M.D., during a March 2020 appointment.  ECF No. 9-28, PageID.1487.  And because plaintiff complained about anxiety and depression after he stopped seeing his psychiatrist and taking his medications, the doctor prescribed him Wellbutrin.  *Id.*, PageID.1486.

Plaintiff received Wellbutrin to treat his major depressive disorder throughout 2020.  Although plaintiff did not schedule appointments with Dr. Bhardwaj for psychiatric issues, she refilled his Wellbutrin in April, May, September, October, November, and December 2020.  ECF No. 9-24, PageID.1442, 1444, 1446, 1448, 1450, 1459, 1461, 1464, 1466, 1468, 1470, 1472.  Psychiatrist Ben Sandaire, D.O., also prescribed plaintiff Wellbutrin in July 2020.  *See* ECF No. 9-23, PageID.1417.  Dr. Sandaire continued plaintiff on Wellbutrin in December 2020, when plaintiff's mental status examination was normal.  *Id.*, PageID.1417-1418.

15

In August 2019, state agency psychological consultant James Tripp, Ed.D., found plaintiff not disabled. ECF No. 9-3, PageID.155. Dr. Tripp found that plaintiff had mild limitations in understanding, remembering, or applying information; interacting with others; and adapting or managing himself. *Id.* He assessed plaintiff's limitations in concentrating, persisting, or maintaining pace as moderate. *Id.* But the ALJ concluded that the full record showed that plaintiff was "slightly more limited" than Dr. Tripp 's findings; she found plaintiff moderately limited in all functions except adapting and managing. ECF No. 9-2, PageID.52, 58. Thus, the ALJ restricted plaintiff to no production-rate pace work, less than occasional changes in the work routine and setting, and only superficial contact with the public. *Id.*, PageID.53, 58.

Plaintiff faces an uphill battle when, as here, the ALJ found him more restricted than the state agency consultant. *See McCoy v. Kijakazi*, No. 21-11739, 2023 WL 3407159, at *7 (E.D. Mich. Feb. 27, 2023), *adopted*, *McCoy v. Comm'r of Soc. Sec.*, No. CV 21-11739, 2023 WL 3147899 (E.D. Mich. Apr. 28, 2023) ("An ALJ's more restrictive finding than that of the state agency physician's may be lend as support for the ALJ's finding.");

*Brooks v. Comm'r of Soc. Sec.*, No. 20-13246, 2022 WL 2163018, at *3 (E.D. Mich. May 23, 2022), *adopted*, 2022 WL 2161485 (E.D. Mich. June 15, 2022) ("Courts in this circuit have routinely found RFC assessments that are more restrictive than the opinion evidence to be supported by substantial evidence.").  And because substantial evidence supports the ALJ's decision, it should be affirmed even if the evidence could also support a different conclusion.  *Hatmaker*, 965 F. Supp. 2d at 930.

**2.**

For Listing 12.04C criteria, plaintiff must have a "serious and persistent" mental disorder, meaning that he has a "medically documented history of the existence of the disorder over a period of at least 2 years." Plaintiff must also show evidence of both (1) "medical treatment, mental health therapy, psychosocial support(s), or a highly structured setting(s) that is ongoing and that diminishes the symptoms and signs of the mental disorder" and (2) "marginal adjustment," meaning that plaintiff has "minimal capacity to adapt to changes in [his] environment or to demands that are not already part of [his] daily life."  Listing 12.04C(1)-(2); *see also* Listing 12.00G(2)(b)-(c).  Here, the ALJ found that "the evidence fails to establish presence of the 'paragraph C' criteria."  ECF No. 9-2, PageID.53.

17

Plaintiff argues that the finding that he did not meet Listing 12.04C is questionable because the ALJ did not consider longitudinal evidence.  ECF No. 11, PageID.1533.  But as discussed, the ALJ considered evidence from plaintiff's longitudinal medical record, including records from before plaintiff's alleged onset date.  *See* ECF No. 9-2, PageID.47 (citing ECF No. 9-7, PageID.377-665; ECF No. 9-16, PageID.921-941; ECF No. 9-17, PageID.943-977; ECF No. 9-18, PageID.978-992; ECF No. 9-22, PageID.1101-1398); ECF No. 9-7, PageID.734.  And the ALJ articulated why some records predating the amended alleged onset date were unpersuasive due to more recent records.  ECF No. 9-2, PageID.58; ECF No. 9-3, PageID.135-148; ECF No. 9-7, PageID.658-664.

Plaintiff also contends that the record may show marginal adjustment, as required by Listing 12.04C(2), citing the medical evidence already discussed and his mother's testimony that he needs reminders to take medications, do household chores, attend appointments, and bathe.  ECF No. 9-2, PageID.101-102; ECF No. 9-23, PageID.1408.  He also cites a June 2020 examination from neurologist Malaz Almsaddi, M.D., during which plaintiff was disoriented to county, city, area, year, month, and date. ECF No. 9-21, PageID.1096.  But plaintiff returned in July and August

18

2020, and Dr. Almsaddi noted that plaintiff was alert and oriented to person, place, and time.  ECF No. 9-23, PageID.1404-1405, 1407-1408.

At bottom, even if evidence in the record could support a finding that plaintiff had a marginal adjustment as defined by Listing 12.04C(2), substantial evidence supports the ALJ's decision otherwise, so her decision should be affirmed.  *See Hatmaker*, 965 F. Supp. 2d at 930; *Cutlip*, 25 F.3d at 286.

## III.   CONCLUSION

For the reasons stated above, the Court **RECOMMENDS** that plaintiff's motion, ECF No. 11, be **DENIED**; that the Commissioner's motion, ECF No. 14, be **GRANTED;** and that the ALJ's decision be **AFFIRMED.**

s/Elizabeth A. Stafford<br>ELIZABETH A. STAFFORD

Dated: August 17, 2023                    United States Magistrate Judge

## NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  If a party fails to timely file specific objections, any further appeal is waived.  *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991).  And

only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains. Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 17, 2023.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager
