UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DAVID C.,<br><br>                Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                Defendant. | Case No. 22-11292<br>Honorable Shalina D. Kumar<br>Magistrate Judge Elizabeth A. Stafford |

**OPINION AND ORDER SUSTAINING PLAINTIFF'S OBJECTIONS (ECF NO. 20); REJECTING REPORT AND RECOMMENDATION (ECF NO. 18); GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 11); DENYING COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 14); AND REMANDING CASE FOR FURTHER ADMINISTRATIVE PROCEEDINGS**

**I.      Introduction**

Plaintiff David C. appeals the final decision of defendant Commissioner of Social Security (the Commissioner), which denied his application for supplemental security income under the Social Security Act. ECF No. 1. Under 28 U.S.C. § 636(b), the Court referred all pretrial matters in the case to the magistrate judge. ECF No. 3. Both parties filed motions for summary judgment. ECF Nos. 11, 14.

On August 17, 2023, the magistrate judge issued a Report and Recommendation (R&R). ECF No. 18. The R&R recommends that

plaintiff's motion be denied; the Commissioner's motion be granted; and the Commissioner's decision be affirmed under sentence four of 42 U.S.C. § 405(g). *Id.* Plaintiff timely filed an objection to the R&R, and the Commissioner filed a response. ECF Nos. 20-21.

## II.     Standard of Review

When a party files objections to an R&R on a dispositive matter, the Court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). A party's failure to file objections to certain conclusions of the R&R waives any further right to appeal on those issues. *See Smith v. Detroit Fed'n of Tchrs. Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Likewise, the failure to object to certain conclusions in the R&R releases the Court from its duty to independently review those issues. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

## III.    Analysis

Plaintiff's sole objection to the R&R is that the magistrate judge erred by concluding that the administrative law judge (ALJ) properly rejected an August 2018 psychological consultative examination report from Dr. Hugh Bray (the Bray report). The report, which predates plaintiff's alleged disability onset date of June 29, 2019 by ten months, found plaintiff to be

markedly to extremely impaired in three areas of mental functioning. These assessments would meet the regulatory criteria for a listed depressive, bipolar, or related impairment and warrant a disability finding. *See* 20 C.F.R. pt. 404, subpt. P, app. 1, pt. A, § 12.04. Because the Court must make a de novo determination as to whether the ALJ properly rejected the Bray report, it does not defer to the magistrate judge and reviews the ALJ's decision directly.

Under 42 U.S.C. § 405(g), the Court's review is limited to determining whether the ALJ's decision is supported by substantial evidence and was made in conformity with proper legal standards. *See Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014). "Substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). If substantial evidence supports the ALJ's finding of non-disability, that finding must be affirmed, even if substantial evidence also exists in the record to support a finding of disability. *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994).

Conformity with proper legal standards means that, even when there is substantial evidence, the ALJ's decision "will not be upheld where the

[Social Security Administration (SSA)] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Rabbers v. Comm'r of Soc. Sec. Admin.*, 582 F.3d 647, 651 (6th Cir. 2009). Likewise, the Court "may not uphold an ALJ's decision, even if there is enough evidence in the record to support it, if the decision fails to provide an accurate and logical bridge between the evidence and the result." *Gross v. Comm'r of Soc. Sec.*, 247 F. Supp. 3d 824, 829-30 (E.D. Mich. 2017); *see also Wilson v. Comm. of Soc. Sec.*, 378 F.3d 541, 544-46 (6th Cir. 2004) (finding not harmless ALJ's error in failing to make sufficiently clear why he rejected treating physician's opinion, even if substantial evidence not mentioned by ALJ may have supported rejecting treating physician's opinion).

Plaintiff challenges the ALJ's decision as nonconforming with legal standards and, relatedly but alternatively, as unsupported by substantial evidence. Plaintiff argues that the ALJ was required to consider and explain how she considered the supportability and consistency of each medical opinion in the record but failed to do so for Dr. Bray's opinion.

Social Security regulations require ALJs to adhere to certain standards when evaluating medical opinions. ALJs must analyze the persuasiveness of "all of the medical opinions" in the record. 20 C.F.R.

§ 416.920c(b)(1). A "medical opinion" is a "statement from a medical source about what [an individual] can still do despite [his] impairment(s)" and whether the individual has one or more impairment-related limitations or restrictions. *Id.* § 416.913(a)(2).

Under these regulations, the ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s) . . . ." *Id.* § 416.920c(a). Instead, the ALJ must evaluate the persuasiveness of each medical opinion and prior administrative medical finding by considering the following factors: (1) supportability; (2) consistency; (3) relationship with the plaintiff; (4) specialization; and (5) any other factor "that tend[s] to support or contradict a medical opinion or prior administrative medical finding." *Id.* § 416.920c(c). Significantly, because the first two factors—supportability and consistency—are the "most important," the ALJ "*will* explain" how he or she considered them. *Id.* § 416.920c(b)(2) (emphasis added).

As to the supportability factor, "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) . . . the more persuasive the medical opinions . . . will be." *Id.* § 416.920c(c)(1). In practice, the supportability factor "concerns an opinion's reference to diagnostic

techniques, data collection procedures/analysis, and other objective medical evidence." *Reusel v. Comm'r of Soc. Sec.*, 2021 WL 1697919, at *7 n.6 (N.D. Ohio Apr. 29, 2021); *see also* 20 C.F.R. § 416.913(a)(1) (defining objective medical evidence as "medical signs, laboratory findings, or both").[1] As to the consistency factor, "[t]he more consistent a medical opinion(s) . . . is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) . . . will be." 20 C.F.R. § 416.920c(c)(2). That an ALJ does not use the words "supportability" and "consistency" does not necessarily mean the ALJ did not consider those factors. *Hardy v. Comm'r of Soc. Sec.*, 2021 WL 4059310, at *2 (S.D. Ohio Sept. 7, 2021).

These regulations "require that the ALJ provide a coherent explanation of [her] reasoning." *Hardy v. Comm'r of Soc. Sec.*, 554 F. Supp. 3d 900, 906 (E.D. Mich. 2021). At bottom, the new regulations "set

---

[1] Supportability and consistency risk confusion because both touch on the extent of support a medical opinion may have. *Cf. Reusel*, 2021 WL 1697919, at *7 n.6 (stating ALJ's statement that medical opinion was "'not supported by the evidence' treads dangerously close to mixing up 'supportability' and 'inconsistency'"); *Megan B. v. Comm'r of Soc. Sec.*, 2023 U.S. Dist. LEXIS 112992, at *16 n.5 (S.D. Ohio June 29, 2023) (noting ALJ's confusion between supportability and consistency). Put simply, consistency is about how the medical opinion conflicts with evidence in the record, whereas supportability is about how the medical opinion was soundly reached. *See* SSR 96-2p, 1996 WL 374188. A more conceptually accurate word for supportability would be "validity."

forth a 'minimum level of articulation' to be provided in determinations and decisions, in order to 'provide sufficient rationale for a reviewing adjudicator or court.'" *Id.* An "ALJ's failure to meet these minimum levels of articulation frustrates [the] court's ability to determine whether [the plaintiff's] disability determination was supported by substantial evidence." *Id.*

Here, the ALJ's articulation for why she rejected the Bray report falls short. With respect to the Bray report, the ALJ articulates only that the report predated plaintiff's alleged onset date; that Dr. Bray indicated that plaintiff had marked or extreme limitations in three functional areas[2]; and critically, that "[t]he undersigned finds this opinion neither valuable nor persuasive because it is an opinion prior to the claimant's current amended alleged onset date and evidence received at the hearing level shows the claimant has improved since that time." ECF No. 9-2, PageID.58.

Devoid from the ALJ's discussion is an explanation of how she considered the supportability and consistency factors for the Bray report. The ALJ fails to discuss whether or to what extent Dr. Bray supported or

---

[2] Specifically, the ALJ states that Dr. Bray "indicated the claimant had a marked to extreme limitation in his ability to interact with others, a moderate limitation in understanding, remembering, and applying information; a marked impairment in concentration, persistence, and maintaining pace; and an extreme impairment in adapting or managing oneself." ECF No. 9-2, PageID.58.

explained his medical opinion through sound diagnostic techniques, data collection, or other objective medical evidence. *See* 20 C.F.R. § 416.920c(c)(1). Additionally, the ALJ fails to discuss whether or to what extent Dr. Bray's opinion is inconsistent or conflicts with other evidence in the record. *See id.* § 416.920c(c)(2); *see also Curtis v. Comm'r of Soc. Sec.*, 2023 U.S. Dist. LEXIS 111336, at *38 (N.D. Ohio May 15, 2023) (finding no consistency discussion "comparing, contrasting, or identifying uniformities or discrepancies between [medical] opinion and any other evidence"). Although the ALJ may not need to reference supportability and consistency explicitly, she does not further cite the Bray report, thereby indicating no implicit analysis of those factors for Dr. Bray's opinion.

The Commissioner argues that the ALJ discussed the consistency factor for Dr. Bray's opinion by finding that post-onset evidence showed that plaintiff's limitations improved after Dr. Bray's August 2018 examination. "The administrative adjudicator has the obligation in the first instance to show his or her work, *i.e.,* to explain in detail *how the factors actually were applied* in each case, to each medical source." *Hardy*, 554 F. Supp. 3d at 909. The ALJ fails in that obligation because she states only that plaintiff "has improved since [August 2018]," without any explanation as to how he has improved such that Dr. Bray's opinion is inconsistent with

other evidence. ECF No. 9-2, PageID.58; *see also Winn v. Comm'r of Soc. Sec.*, 615 F. App'x 315, 323 (6th Cir. 2015) (stating indications of "improvement from some previous baseline . . . are not inconsistent with the conclusion that [claimant's] overall condition was such that she suffered from severe mental impairment").

The magistrate judge and Commissioner suggest that the ALJ's explanation lies in other portions of the ALJ's decision. To the extent the magistrate judge and Commissioner are not engaging in prohibited post-hoc rationalization, the portions they identify merely outline the ups and downs characteristic of consistent mental health conditions such as plaintiff's.[3] *See* ECF No. 9-2, PageID.56-57 (describing plaintiff's memory loss complaints but negative depression screening in May 2019, unspecified issues prompting psychiatrist treatment in September 2019, reports of increased depression and anxiety in March 2020, more memory loss complaints in June 2020, but lack of complaints up to January 2021); *Winn*, 615 F. App'x at 323 (explaining that "episodic nature of [claimant's]

---

[3] Plaintiff alleges disability due to bipolar disorder, post-traumatic stress disorder, polysubstance use disorder, and antisocial personality disorder. ECF No. 9-6, PageID.277. Dr. Bray similarly diagnosed plaintiff with post-traumatic stress disorder, bipolar disorder, antisocial personality disorder, ADHD, and learning disability. ECF No. 9-7, PageID.663. And the medical record documents a long, consistent history of mental illness. *See* ECF No. 11, PageID.1525-28; ECF No. 9-3, PageID.131.

mental ailments" led to claimant reporting some better periods and some worse periods). The Court cannot find that the ALJ discussed improvement, and by extension the consistency factor for Dr. Bray's opinion, in portions of the ALJ's decision that shows improvement sometimes and deterioration other times. *See Gross*, 247 F. Supp. 3d at 829. As a result, the ALJ's failure to sufficiently explain her finding of improvement and consideration of consistency frustrates the Court's ability to determine whether substantial evidence supports the ALJ's non-disability determination. *See Hardy*, 554 F. Supp. 3d at 906.

Even if the Court found that the ALJ adequately discussed the consistency factor, the ALJ still erred by failing to explain how she considered the supportability factor for Dr. Bray's opinion. The ALJ states generally that she "considered the consistency of [each of] the medical opinions" in the record but says nothing about considering each opinion's supportability, let alone how she did so. ECF No. 9-2, PageID.58. The R&R does not address this error, but the Commissioner argues without citing any authority that "in light of the ALJ's consistency finding, the degree to which Dr. Bray's opinion may have been supported . . . could not have supported a [disability] finding." ECF No. 21, PageID.1615. The Commissioner implies that the ALJ was not required to discuss the

supportability factor for Dr. Bray's opinion. However, the Commissioner's own regulations require that that the ALJ do so. *See* 20 C.F.R. § 416.920c(b)(2).

The ALJ's failure to adequately consider and explain her consideration of Dr. Bray's opinion was not harmless. Although the Bray report predates plaintiff's alleged disability onset date, it is not automatically irrelevant because "evidence . . . predating the onset of disability, when evaluated *in combination with later evidence*, may help establish disability." *DeBoard v. Comm'r of Soc. Sec.*, 211 F. App'x 411, 414 (6th Cir. 2006). Indeed, the Bray report is part of plaintiff's longitudinal record, which SSA regulations recognize as necessary for evaluating mental impairments. *See* 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.00(C)(5)(a). Because the Bray report is the only mental residual-functional-capacity opinion in the record from an examining source since 2013, and because Dr. Bray essentially found that plaintiff's impairments met the criteria for a listed impairment, *see id.* § 12.04; 20 C.F.R. § 416.910(a)(4); ECF No. 9-7, PageID.663-64, adequate consideration of Dr. Bray's opinion could very well produce a different outcome on remand.

In sum, the ALJ erred because her evaluation of Dr. Bray's opinion does not conform to proper legal standards. The ALJ failed to adequately

Page **11** of **13**

consider and explain the consistency and supportability factors for Dr. Bray's opinion or otherwise build a logical bridge from the evidence to evaluation of Dr. Bray's opinion. The Court cannot excuse the ALJ's error as harmless because it finds that the ALJ's error prejudiced plaintiff on the merits. Remand is therefore appropriate. *See Rabbers*, 582 F.3d at 654. On remand, the ALJ should consider and explain her consideration of the medical opinions in the record, including Dr. Bray's opinion, under the applicable legal standards mandated by the SSA regulations and by case law. And based on that consideration, the ALJ should also make a new determination as to disability under 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.04. The Court does not address plaintiff's other arguments contending that the ALJ's decision is unsupported by substantial evidence. The ALJ may consider plaintiff's substantial-evidence-related arguments if appropriate on remand.

IV. **Conclusion**

For the reasons above, plaintiff's objection to the R&R (ECF No. 20) is **SUSTAINED**. The Court **REJECTS** the R&R (ECF No. 18), **GRANTS** plaintiff's motion for summary judgment (ECF No. 11), **DENIES** the Commissioner's motion for summary judgment (ECF No. 14). Judgment shall issue in favor of plaintiff and against the Commissioner, **REVERSING**

the Commissioner's decision that plaintiff is not disabled and **REMANDING** this case to the Commissioner under 42 U.S.C. § 405(g) for further proceedings consistent with this opinion.

Dated: November 7, 2023

s/ Shalina D. Kumar
SHALINA D. KUMAR
United States District Judge